NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JO ELLEN ELLIOTT

Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Civil Action No. 11-2293

OPINION

---

**CECCHI, District Judge.**

Jo Ellen Elliott ("Plaintiff") appeals the final determination of the Commissioner of the Social Security Administration ("Commissioner") denying her disability benefits under the Social Security Act. This Court has jurisdiction to hear this matter pursuant to 42 U.S.C. § 405(g). This motion has been decided upon the written submissions of the parties pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed in part and remanded in part for (1) consideration of whether Plaintiff's combined impairments were medically equal to a listing level requirement; and (2) additional Vocational Expert ("VE") testimony concerning Plaintiff's employment opportunities.

**I.      PROCEDURAL HISTORY**

Plaintiff applied for Supplemental Security Income Benefits ("SSIB") from the Social Security Administration ("SSA") on March 17, 2004, alleging disability beginning on January 1, 2001. (R. 51-55, 63.) Her claim was denied, as was her request for reconsideration. (*Id.* at 22,

23-24, 27-30, 33-36.)   Plaintiff then filed a request for a hearing before an ALJ, which was held on March 24, 2006. (*Id.* at 37-38, 277-304.) The ALJ determined that Plaintiff was not disabled. (*Id.* 11-21.) The Appeals Council denied review, which rendered the decision of the ALJ the final judgment of the Commissioner. (*Id.* at 327-30.) Plaintiff appealed to the United States District Court for the District of New Jersey, and Judge Cavanaugh issued a consent order remanding the case. (*Id.*) The Appeals Council subsequently issued a remand order to the ALJ, instructing him to seek testimony from a VE to clarify the effect of Plaintiff's impairments on her ability to find and perform work in the national economy. (*Id.*) After conducting a new hearing and soliciting testimony from a VE, the ALJ once again determined that Plaintiff was not disabled. (*Id.* at 316-26.) Following the ALJ's decision, Plaintiff filed for reconsideration by the Appeals Council. (*Id.* at 304-07.) The Appeals Council denied Plaintiff's request on September 22, 2010, rendering the decision of the ALJ the final judgment of the Commissioner. (*Id.*) Plaintiff then initiated the current action in this Court, seeking either a determination that she is *per se* disabled and therefore entitled to SSIB, or a remand for further consideration of the effect of her impairments on her ability to find and perform work.

II.     **FACTUAL BACKGROUND**

A.     **Personal and Employment History**

Plaintiff was forty-five-years old on the date she filed her complaint. (*Id.* at 20.) Plaintiff attended school through the eleventh grade. (*Id.* at 68.) Plaintiff is unemployed and has done minimal work in recent years. (*Id.* at 64.) Most of her work experiences were short-term placements required by the welfare program in which she participated. (*Id.*) Through this program, Plaintiff worked as a day care assistant, a preparer and server of food at the Salvation Army, and a shelf stocker at a food pantry. (*Id.*) She ceased all work in September 2002. (*Id.*)

**B.     Daily Activities**

Plaintiff spends her days watching television, visiting with family and friends, doing jigsaw puzzles, and occasionally shopping with a friend. (*Id.* at 18.) Plaintiff is able to care for herself, and is capable of cooking and performing light housework. (*Id.* at 17.) She has some difficulty when traveling via public transportation, walking more than one block, and climbing stairs. (*Id.* at 18.)

**C.     Medical History**

Plaintiff's medical history dates back to a hospital admission in January 2001. (*Id.* at 120.) At the time of her admission, Plaintiff weighed only 81 pounds and was "markedly cachectic." (*Id.*) With medical treatment, Plaintiff gained eleven pounds during her four-day hospital stay, bringing her weight to 92 pounds. (*Id.* at 124.) Plaintiff already had a history of pancreatitis at that point in her life. (*Id.* at 122.)[1] Plaintiff was admitted to the hospital again in April 2001 and was noted to be "cachectic-looking."[2] (*Id.* at 151.) Plaintiff weighed 87 pounds in June 2004, 88 pounds in August 2004,[3] and 97 pounds in November 2004. (*Id.* at 180, 192, 234.) Medical records since 2004 show Plaintiff's weight to be over 100 pounds. (*Id.* at 290, 395, 399, 401, 403, 415, 458-59.) Plaintiff was treated for pancreatitis in 2005 and 2007, but her symptoms quickly improved with proper nutrition and medical care. (*Id.* at 322-23.) In addition to pancreatitis, Plaintiff also suffers from insulin dependent diabetes mellitus; however, clinical examinations have yielded no significant or disabling neurological deficits as a result of diabetic

---

[1] Plaintiff also had a history of alcohol abuse prior to her first hospital visit. (R. 318.)
[2] In 2004, the next year for which medical records are available in the record, Plaintiff claimed she had been diagnosed with Lupus two years prior, (R. at 179) but tests did not confirm that diagnosis. (*Id.* at 512-13.)
[3] Plaintiff had "recent" weight loss of approximately 15 pounds at this time. (*Id.* at 209.)

neuropathy. (*Id.* at 318-19.) Though physicians have assessed limitations on Plaintiff's ability to do certain tasks, no treating physician has opined that she is precluded from all work activity. (*Id.* at 320-23.)

## III. LEGAL STANDARD

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). It is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder" and must give deference to the administrative findings. *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *See Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (footnote and internal quotes omitted). Substantial evidence is "'more than a mere scintilla. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 4:08-cv-1676, 2009 U.S. Dist. LEXIS 32110, at *7 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620, 131 (1966)).

This Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x. 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)). However, "where there is conflicting

evidence, the ALJ must explain which evidence he accepts and which he rejects, and the reasons for that determination." *Cruz*, 244 Fed. App'x. at 479 (citing *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)). Furthermore, where the opinion from a treating physician is rejected in favor of the opinion of a non-treating physician, the ALJ must adequately explain his reasons and provide the rationale behind his decision. *See Brewster v. Heckler*, 786 F.2d 581, 585 (3d Cir. 1986). Given the totality of the evidence, including objective medical facts, diagnoses, medical opinions, and subjective evidence of pain, the reviewing court must determine whether the Commissioner's decision is adequately supported. *See Curtain v. Harris*, 508 F. Supp. 791, 793 (D.N.J. 1981). Generally, medical opinions consistent with other evidence are given more weight, whereas opinions inconsistent with the evidence or with themselves are subject to additional scrutiny against the entire record. 20 C.F.R. § 416.927. Overall, the substantial evidence standard is a deferential standard of review that requires deference to inferences drawn by the ALJ from the facts if they are supported by substantial evidence. *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

**B.     Determining Disability**

Pursuant to the Social Security Act, to receive SSIB, a plaintiff must show that she is disabled by demonstrating that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the plaintiff's

physical or mental impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* Impairments that affect the plaintiff's "ability to meet the strength demands of jobs" with respect to "sitting, standing, walking, lifting, carrying, pushing, and pulling" are considered exertional limitations. 20 C.F.R. § 404.1569(a); *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). All other impairments are considered non-exertional. *See Sykes*, 228 F.3d at 263. Decisions regarding disability are made individually and are based on evidence adduced at a hearing. *Sykes*, 228 F.3d at 262 (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(C).

The SSA follows a five-step sequential evaluation to determine whether a plaintiff is disabled. 20 C.F.R. § 416.920. The evaluation will continue through each step unless it can be determined at any point that the plaintiff is, or is not, disabled. 20 C.F.R. § 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. *Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *Id.* at 263, n.2.

At step one, the plaintiff's work activity is assessed, and the plaintiff must demonstrate that she is not engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). An individual is engaging in substantial gainful activity if she is doing significant physical or mental activities for pay or profit. 20 C.F.R. § 416.927. If the plaintiff is engaged in substantial gainful

activity, she will be found not disabled and the analysis will stop, regardless of plaintiff's medical condition, age, education, or work experience. 20 C.F.R. § 416.920(b). If the individual is not engaging in substantial gainful activity, the analysis proceeds to the second step. At step two, the plaintiff must show that she has a medically determinable "severe" impairment or a combination of impairments that is "severe." 20 C.F.R. § 416.920(a)(4)(ii). An impairment is severe when it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. § 416.920(c). It is not severe when medical evidence shows only a slight abnormality or minimal effect on an individual's ability to work. *See Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. 2010). If the plaintiff does not have a medically determinable severe impairment, she is not disabled. 20 C.F.R. § 416.920(a)(4)(ii), (c). If the plaintiff has a severe impairment, the analysis proceeds to the third step.

At step three, the ALJ must determine, based on the medical evidence, whether the plaintiff's impairment matches or is equivalent to a listed impairment found in the Social Security Regulations' "Listings of Impairments" found in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(a)(4)(iii). If the impairments are the same or equivalent to those listed, the plaintiff is *per se* disabled. 20 C.F.R. § 416.920(d); *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000). At this point, the ALJ must set forth the reasons for his findings. *Burnett*, 220 F.3d at 119. The Third Circuit requires the ALJ to identify the relevant listings and explain his reasoning using the evidence. *Id.* Simple conclusory remarks will not be sufficient and will leave the ALJ's decision "beyond meaningful judicial review." *Id.*

When the plaintiff does not suffer from a listed impairment or an equivalent, the analysis proceeds to step four. At step four, the ALJ must determine whether the plaintiff's residual functional capacity enables him to perform his past relevant work. 20 C.F.R. §

416.920(a)(4)(iv). This step involves three sub-steps: (1) the ALJ must make specific findings of fact as to the plaintiff's residual functional capacity; (2) the ALJ must make findings regarding the physical and mental demands of the plaintiff's past relevant work; and (3) the ALJ must compare the residual functional capacity to the past relevant work to determine whether the plaintiff has the capability to perform the past relevant work. *Burnett*, 220 F.3d at 120. The SSA classifies residual functional capacity and past work by physical exertion requirements from "sedentary" to "very heavy work." *See id.;* 20 C.F.R. § 404.1567. If the plaintiff can perform her past work, the ALJ will find that she is not disabled. 20 C.F.R. § 416.920(f). If the plaintiff lacks the residual functional capacity to perform any work she has done in the past, the analysis proceeds to the fifth and last step.

At step five, the Commissioner must show that, based on the plaintiff's residual functional capacity and other vocational factors, there is a significant amount of other work in the national economy that the plaintiff can perform. 20 C.F.R. § 416.920(a)(4)(v). During this final step, the burden lies with the government to show that the plaintiff is not disabled by demonstrating that there is other substantial, gainful work that the plaintiff could perform, given her age, education, work experience and residual functional capacity. *See Rutherford v. Barnhart*, 399 F.3d 546, 551 (3d Cir. 2005); *Sykes*, 228 F.3d at 263. If the Commissioner cannot show that there are other jobs for the plaintiff in the national economy, then the plaintiff is disabled. 20 C.F.R. § 416.920(a)(4)(iv).

## IV. DISCUSSION

### A. Summary of the ALJ's Findings

After reviewing all of the evidence in the record, the ALJ determined that Plaintiff was not disabled and denied her claim for SSIB. (R. 326.) The ALJ arrived at his decision by following the required five-step sequential analysis. *See* 20 C.F.R. § 416.920.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 17, 2004, the date of Plaintiff's original application for SSIB. (R. 318.) At step two, the ALJ concluded that Plaintiff had the following severe impairments based on a review of the medical evidence in the record: insulin-dependent diabetes mellitus, multiple joint pain, and chronic alcoholism contributing to pancreatitis and depression. (*Id.*) The ALJ also noted that plaintiff had "mild" restrictions in activities of daily living and social functioning and "moderate" difficulties with regard to concentration, persistence or pace. (*Id.* at 320.)

Accordingly, the ALJ proceeded to step three, where he evaluated the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (*Id.* at 318-20.) The ALJ conducted a thorough review of Plaintiff's allegations, the medical evidence, and the remainder of evidence in the record. (*Id.* at 320-24.) The ALJ found that Plaintiff's physical and mental impairments did not meet or medically equal the criteria of the Listings. (*Id.*) Specifically, the ALJ noted that although Plaintiff did "meet" a Listing requirement at one point, the duration of the impairment was insufficient to qualify Plaintiff as disabled. (*Id.* at 324.)

The ALJ then proceeded to step four, where he found that Plaintiff had the residual functional capacity to perform sedentary work with additional non-exertional limitations. (*Id.* at 320.) At first, the ALJ stated that Plaintiff was limited to sedentary work "with the following non-exertional limitations: she cannot use her hands for fine fingering manipulation or for

continuous, repetitive use of the hands, and she can perform only simple and repetitive job tasks due to depression." (*Id.*) Later in his decision, however, the ALJ reiterated the limitation of sedentary work with no continuous fine fingering, but made no mention of repetitive use of the hands. (*Id.* at 320-24.) For purposes of this Opinion, the Court will assume that Plaintiff is limited to sedentary work with no continuous fine fingering or repetitive use of the hands, as per the ALJ's initial determination.

In step five of the analysis, the ALJ found, after careful consideration of the medical evidence and VE testimony, that there were jobs in the national market for which Plaintiff was qualified based on her age, education, and past work experience. (*Id.* at 325.) Accordingly, the ALJ found that Plaintiff was not disabled and therefore ineligible for SSIB. (*Id.* at 326.)

**B.   Analysis**

Plaintiff raises two main arguments on appeal. First, Plaintiff alleges that substantial evidence exists to support her claim for SSIB in the form of her alleged low weight due to pancreatitis. Specifically, Plaintiff claims that based on her low weight due to pancreatitis, she should be considered *per se* disabled at step three of the analysis. Furthermore, Plaintiff argues that the ALJ failed to consider her low weight in combination with her other impairments, and therefore committed reversible error. Alternatively, Plaintiff contends that the ALJ relied upon an improper hypothetical in making his decision.

**1. Plaintiff's Claim of Per Se Disability Due to Low Weight Attributable to Pancreatitis**

    **a. 12 Month Duration of Digestive Impairment and Severity of that Impairment**

With no citations to any evidence in the record, Plaintiff claims the ALJ erred in finding her not *per se* disabled at step three based on body weight loss due to a digestive disorder.[4] (Pl's Br. 11-14.) For low weight due to a digestive disorder to be considered an impairment, the claimant's weight must fall below the Listing 5.08 requirement for the claimant's height.[5] In order for an impairment to render a claimant disabled, the impairment must either be expected to result in death or last for not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); SSR 83-20, 1983 WL 31249 (1983). The only medical reports that demonstrate Plaintiff fell under the 94 pounds that Listing 5.08 mandates for a person of her height were from 2001 and 2004. (*Id.* at 124, 126, 180, 192.) The reports do not indicate that during the time between Plaintiff's hospital admissions in 2001 and 2004, she weighed less than 94 pounds for a period of not less than twelve months. There are no records of doctor visits, hospital admissions, or other medical procedures to substantiate Plaintiff's claimed weight between 2001 and 2004. In fact, Plaintiff's consulting physician in 2004 stated that Plaintiff had recently lost 15 pounds due to stress. (*Id.* at 209.) Plaintiff weighed 88 pounds when admitted to the hospital in 2004. (*Id.* at 192.) As such, prior to her visit, Plaintiff weighed approximately 103 pounds. (*Id.*) Plaintiff was therefore above the listing weight for at least part, if not all, of the period for which there are no medical records. Thus, the ALJ had no evidentiary basis to conclude that Plaintiff was *per se* disabled by virtue of low weight due to pancreatitis. Accordingly, the ALJ properly rejected Plaintiff's claim of *per se* disability.

b. **Combined Effects of Alleged Digestive and Other Impairments**

---

[4] The ALJ determined that Plaintiff's weight did at one point meet a requirement, but that she had not demonstrated the twelve month duration requirement for a finding of disability. (R. 324.)
[5] Listing 5.08 refers to the Listing before it was amended in December 2007, which evaluated claimants based on weight. The current version of the Listing uses Body Mass Index (BMI) to evaluate a claimant's weight loss due to digestive disorders.

Plaintiff claims that the ALJ erred in not considering the combined effect of her low weight with her other impairments. (Pl's Br. 9-11, 19.) The Court agrees. When a claimant has multiple impairments that do not "meet[] or equal[] a listed impairment" the SSA must determine whether the claimant's "impairments are at least of equal medical significance to those of a listed impairment . . . ." 20 C.F.R. § 404.1526(b)(3). If the combination of impairments is medically equal to a listed impairment, then the SSA will determine that the claimant's impairments are sufficient to satisfy the Listings. *Id.* While it is true that Plaintiff failed to demonstrate that her weight loss alone was a Listing level impairment for a period lasting not less than twelve months, she did demonstrate and the ALJ recognized that her weight met a Listing level on certain dates in 2001 and 2004. (R. 124, 180, 324.) The ALJ also expressly noted that Plaintiff's pancreatitis was an impairment. (*Id.* at 319-322.) The ALJ was therefore required to determine whether the Plaintiff's low weight due to pancreatitis, when combined with all other impairments, was medically equivalent to a Listing level impairment.

In his decision, the ALJ specifically addressed Plaintiff's impairments of joint pain, diabetes and diabetes-related complications, and mental limitations; however, the ALJ never gave Plaintiff's low weight consideration. (*Id.*) Instead, the ALJ noted that Plaintiff's weight was 97 pounds, deemed this "her usual body weight" and made a conclusory statement that Plaintiff did not meet the Listing requirements. (*Id.*) The ALJ never considered whether the impairment of low weight, in conjunction with Plaintiff's other credibly established impairments, medically equaled a Listing.

Moreover, the ALJ in a single sentence stated that Plaintiff did not have a combination of impairments that medically equaled a Listing impairment. (*Id.* at 318.) This conclusory statement was the entirety of the ALJ's determination that Plaintiff's combination of

impairments was not medically equal to a Listing. (*Id.*) The ALJ's failure to provide more than a conclusory statement when tasked with combining and comparing Plaintiff's recognized impairments to the Listings precludes meaningful judicial review. *Diaz v. Comm'r*, 577 F.3d 500, 504 (3d Cir. 2009) ("[A]bsent analysis of the cumulative impact of Diaz's obesity and other impairments on her functional capabilities, we are at a loss in our reviewing function."); *Torres v. Comm'r*, 279 Fed. App'x. 149, 152 (3d Cir. 2008) (citing inability to "review the ALJ's decision in this case because no reasons were given for his conclusion that Torres' impairments in combination did not meet or equal an Appendix 1 listing"); *Plummer v. Apfel*, 186 F.3d 422, 435 (3d Cir. 1999); 20 C.F.R. 404.1526(b)(3). As the ALJ's decision is beyond meaningful judicial review, this case must be remanded for consideration of whether the combination of all of Plaintiff's established impairments meets or medically equals a Listing requirement.

### 2. The ALJ's Questioning of the Vocational Expert

#### A. Plaintiff's Physical Limitations Were Not Accurately Conveyed in the ALJ's Questions to the VE

Plaintiff alleges that the hypothetical questions posed to the VE did not accurately reflect all of Plaintiff's established non-exertional impairments. The Court agrees. In order for a VE's testimony to be substantial evidence, the questions posed to him must encapsulate all "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). The ALJ posed, and relied on, the following hypothetical restrictions: A sedentary individual, who was restricted to jobs that did not involve "continuous and repetitive fine fingering manipulation and involve simple and repetitive tasks only." (R. 324, 527.) This hypothetical did not accurately reflect the non-exertional limitations the ALJ found were credibly established by Plaintiff's

medical records and testimony.[6] The ALJ originally determined that Plaintiff was sedentary and "could not use her hands for fine fingering manipulation or for continuous, repetitive use of the hands, and, she can perform only simple and repetitive job tasks due to depression." (*Id.* at 320.) The hypothetical that the ALJ relied upon in reaching his decision did not contain the restriction on continuous, repetitive use of the hands. Because the ALJ's question did not convey all of Plaintiff's credibly established non-exertional restrictions, the VE's testimony in response cannot constitute substantial evidence.

### B. Plaintiff's Mental Limitations Were Accurately Conveyed in the ALJ's Questions to the VE

Plaintiff also contends that the hypothetical posed to the VE was improper because it did not accurately reflect Plaintiff's mental limitations. The Court disagrees. Again, in order for a VE's testimony to be substantial evidence, the questions posed to him must encapsulate all "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). The ALJ found Plaintiff to have moderate difficulties with regard to concentration, persistence or pace and mild difficulties in activities of daily living and social functioning. The ALJ asked the VE a hypothetical question that presumed an individual who was restricted to simple and repetitive tasks. (R. 527.) The "simple and repetitive tasks" language can encapsulate a plaintiff's moderate impairments. *See McDonald v. Astrue*, 293 Fed. App'x. 941, 946 (3rd Cir. 2008) (holding that moderate mental restrictions could be encapsulated by the term "'simple, routine tasks'"). Therefore, the ALJ's hypothetical question was not deficient for failing to include all of Plaintiff's credibly established mental limitations.

---

[6] In separate hypothetical questions, the ALJ asked the VE about restrictions on continuous and repetitive use of the hands but ultimately, he relied upon a question that only limited continuous and repetitive fine fingering when evaluating Plaintiff's claim. The ALJ never included all of Plaintiff's restrictions in a single question, and explicitly relied on a question that was deficient for failing to state a restriction. (R. 526-29, 324.)

14

### 3. Effect of Alcohol Abuse on Plaintiff's Conditions

The Commissioner correctly points out that individuals cannot be "disabled" if drug addiction or alcoholism is a contributing factor material to the conditions that would render the claimant disabled under the guidelines. 42 U.S.C. § 423(d)(2)(c). The ALJ noted alcohol abuse in his opinion and stated that medical opinions had indicated that abstaining from alcohol would improve Plaintiff's conditions, but did not assess whether alcohol had been a contributing factor material to the conditions. (R. 324.) As there is evidence of alcohol abuse in the record, as noted by the ALJ, on remand the ALJ must consider whether alcoholism was a contributing factor material to a determination of disability. 20 C.F.R § 416.935(a).

## V. CONCLUSION

For the foregoing reasons, the ALJ's decision that Plaintiff is not disabled is hereby affirmed in part and remanded in part for (1) consideration of whether Plaintiff's combined impairments were medically equal to a listing level requirement; and (2) additional VE testimony regarding Plaintiff's employment opportunities. An appropriate Order accompanies this Opinion.

Dated: July 11, 2012

                                                                  HON. CLAIRE C. CECCHI
                                                                   United States District Judge